IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

BORIS F. BIGHAM                    *

    Plaintiff,                    *

     v.                         *          1:07-CV-523-MHT
                            (WO)
CHIEF JOHN POWELL, *et al*.,        *

    Defendants.                   *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Boris Bigham, a county inmate, challenges actions taken by a law enforcement officer in initiating criminal charges against him and processing the case arising from such charges. Named as defendants are Chief John Powell, Detective Bryan Cherry, and the Dothan Police Department. Plaintiff requests damages. Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I.  DISCUSSION

*A.  The False Charges/Perjury Claim*

Plaintiff complains that Defendant Cherry subjected him to false imprisonment by relying on false and/or incomplete information submitted by Cindy Bigham. To the extent

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff's claim may be construed as asserting a claim that Defendant Cherry committed perjury in filing false criminal charges against him, such claim provides no basis for relief.

The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a police officer or other individual for committing perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . ., all witnesses - police officers as well as lay witnesses - are absolutely immune from civil liability based on their testimony in judicial proceedings. [*Briscoe v. LaHue*,] 663 F.2d 713 ([7th Cir.] 1981)." *Id.* at 328. The Court further implied that the false testimony of a police officer in and of itself does not violate an accused's constitutional rights. *Id.* at 327, n. 1. Thus, Plaintiff's perjury claim is without legal basis and, as such, is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

B.  *The False Imprisonment Claim*

To the extent Plaintiff claims that he is falsely imprisoned on criminal charges pending before the state courts in Russell County, Alabama, because he is innocent of the charges lodged against him, the claim may not proceed in this § 1983 action. It appears from a review of the instant complaint that the criminal charges about which Plaintiff complains are presently pending before the state courts of Russell County, Alabama. Under *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."

The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may vindicate all of his federal constitutional claims through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff' challenge to his confinement. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck [v. Humphrey*, 512 U.S. 477 (1994)] prohibits."). In light of the foregoing, dismissal of Plaintiff's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not cognizable in a 42 U.S.C. § 1983 action at this time.

*C. Defendant Powell*

Plaintiff names Chief John Powell as a defendant. No specific allegations, however, are made against this individual. Consequently, there is no basis on which the complaint may proceed against him. Moreover, the doctrine of *respondeat superior* is not applicable to actions filed under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir.1990). Accordingly, Defendant

3

Powell is due to be dismissed as a party to the complaint.

*D.  The Dothan Police Department*

Plaintiff names the Dothan Police Department as a defendant.  The Dothan  Police Department is not a  legal entity subject to suit or liability under § 1983.  *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Plaintiff's complaint against this Defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.*

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's perjury claim be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's false imprisonment claim be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's complaint against Defendants Powell and the Dothan Police Department be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); and

4.  This case be DISMISSED prior to service of process.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **July 2 , 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are

4

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of June, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE